BARRETT S. LITT (No. 45527)
Email: blitt@mbllegal.com
DAVID S. McLANE (No. 124952)
Email: dmclane@mbllegal.com
CAITLIN S. WEISBERG (No. 262779)
Email: cweisberg@mbllegal.com
RODRIGO PADILLA (No. 339523)
Email: rpadilla@mbllegal.com
MCLANE, BEDNARSKI & LITT, LLP
975 E. Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Attorneys for Plaintiff Arturo Aceves Jimenez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO ACEVES JIMENEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, PATRICIA GUERRA, GEORGE LOU LEIKER, SAL LaBARBERA, DOMINICK FUENTES, AND DOES 1-10, INCLUSIVE,<br><br>　　　　Defendants. | Case No. 2:21-cv-07117-MRW<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>**Date: April 27, 2022**<br>**Time: 11:00 a.m.**<br>**Courtroom: 560** |

## I. INTRODUCTION AND BACKGROUND

At this Court is aware, the parties recently stipulated to this Court for all purposes, and the Court has set a case management conference for April 27, 2022 at 11:00 a.m. Had this case not been transferred to this Court, the parties were in the process of seeking a continuance of the July 12, 2022 trial date set by the District Court[1] due to pre-existing conflicts and the parties' need for additional time to litigate the case. For the reasons explained below, the parties jointly request a substantial modification to the current schedule. The July 12, 2022, trial date, which was set less than six months from the January 31, 2022, date of the scheduling conference and was more than eight months sooner than the schedule jointly requested by the parties, does not provide sufficient time to prepare this case for trial. (Dkt. No. 27)

The parties believed at the time, and continue to believe, that substantially more time is required to properly prepare this wrongful conviction case, in which Plaintiff Arturo Jimenez seeks damages for having spent 25 years in prison for a crime he did not commit. Mr. Jimenez's claims include fabricated evidence, *Brady* violations, and *Monell* claims against both the City and County. All counsel in the case have extensive experience with such cases, which involve events occurring more than two decades ago. Such cases are complex, both factually and legally, requiring time-consuming litigation. Accordingly, and for the reasons set forth below, the parties request that the Court extend the trial date and set other deadlines to ensure that the litigation progress in an orderly and efficient fashion towards trial.

/ / /

/ / /

---

[1] No other dates were set by the District Court so, to the extent there are currently litigation deadlines, it is pursuant to the Federal Rules of Civil Procedure, or the corresponding local rules.

## II.     PROPOSED TRIAL SCHEDULE AND REASONS THEREFOR

The parties have reviewed this Court's April 13 order (Doc. 33) which, among other things, notes that the court is aware of the parties' Rule 26 report and vacates the current schedule set by the District Court Judge. The parties wish to advise the Court that the schedule proposed in the Rule 26 report did not present what the parties considered the appropriate schedule to allow the fullest preparation of the case for trial. Rather, the schedule presented in the Rule 26 report was a highly compressed schedule because all parties were aware that the District Court Judge set extremely tight schedules. (Ultimately, a shorter schedule than that compressed schedule was adopted by the District Court Judge.) Below the parties explain what they consider the challenges in this case, and a new joint proposed schedule.

Although the parties immediately began to produce initial disclosures documents and exchange written discovery, the necessary review of that discovery and preparation for depositions has taken more time than allotted prior to the July 2022 trial date. There is written discovery still to be completed, and the discovery that has been exchanged thus far has given rise to several discovery disputes that the parties have not had adequate time to negotiate and resolve, much less present to the court for resolution. Currently, such issues include 1) Plaintiff's access to relevant Internal Affairs documents regarding the individual defendants; 2) Defendants' designation of certain documents as confidential under the parties' protective order; and 3) Defendants' use of watermarks on documents and images which alters the evidence and makes it more difficult to review and use. The parties have begun, but have not completed, the meet and confer process.

Taking depositions prior to the completion of document productions and resolution of discovery disputes creates significant challenges and the potential need for second/subsequent depositions in light of the outcome of pending

discovery requests and disputes. The parties would like to avoid that outcome and, in any event, have been unable to schedule depositions given the time devoted to other necessary tasks (such as reviewing discovery, issuing and responding to discovery requests, retaining experts, etc.) in this case and other cases.

Typically, the parties in cases such as this retain multiple experts to address the various liability and damages issues that arise in the context of wrongful convictions. Retaining and onboarding those experts has taken a significant amount of time, and because no depositions have been taken thus far, their review of the case with a July 2022 trial date is necessarily piecemeal. The current schedule would significantly impede retained experts from timely and fully preparing and completing their expert reports, given the short time frame under the present schedule, much less for counsel to depose them since they would have to be preparing for trial simultaneously. Most experts that have been retained have stated that they need additional time to do their work, and that the current deadline creates hardships for them.

Civil rights cases, and in particular wrongful conviction cases, are complex both factually and legally, and motions for summary judgement or partial summary judgment are common. Under the present schedule, the parties do not have meaningful time to prepare and file motions for summary judgment. Resolution of such motions can both increase the potential for settlement and streamline the trial, should it occur. In the schedule the parties propose, substantial time is built into the schedule for preparation and resolution of any summary judgment motions, and time after that for mediation and then trial if mediation is unsuccessful.

In addition to the foregoing reasons, counsel for both Plaintiff and the City Defendants have significant conflicts in July 2022.[2] Counsel for Defendant City of

---

[2] At the prior scheduling conference before the District Judge, the trial date was set with no input from counsel and without providing counsel the opportunity to state potential scheduling conflicts.

Los Angeles and the named individual Defendants, Geoffrey Plowden is scheduled for a state court trial from July 5, 2022, to July 19, 2022 in *Cooke v. City of Los Angeles*, Case No. 18STCV-00882. The current trial date would interfere with Mr. Plowden's ability to adequately prepare for and be present for the trial in this case, which is set to begin on July 12, 2022. Counsel for Plaintiff, Caitlin Weisberg, who has primary responsibility for the factual development of this case and will be one of the key attorneys for Plaintiff at trial, is also scheduled to be in trial in July 2022. Her case, *Aguilar, et al. v. City of Los Angeles, et al.,* CV 17-4382 CBM (MRWx), is a retrial following an appeal, and is scheduled to begin on July 19, 2022, one week after the current start date for this trial. Ms. Weisberg is the only attorney working on that case that was present during the original trial in the case. The maintenance of both trial dates as currently scheduled would preclude her from properly preparing for either. Both of the above-referenced trials are expected to go forward as scheduled.

For the reasons explained above, and in order to allow full and proper preparation of the case, the parties jointly request the following schedule[3]:

| Event | Proposed Dates |
|---|---|
| Deadline to add parties / amend pleadings | 07/01/2022 |
| Fact discovery cutoff | 11/01/2022 |
| Deadline for initial expert reports | 12/01/2022 |
| Deadline for expert rebuttal reports | 12/23/2022 |
| Expert discovery cutoff | 01/31/2023 |
| Deadline for filing dispositive motions (including summary judgment) | 03/06/2023 |
| Opposition to dispositive motions | 03/27/2023 |
| Reply re to dispositive motions | 04/10/2023 |
| Hearing on dispositive motions | 05/01/2023 |
| Deadline to participate in mediation | 06/20/2023 |
| Final Pretrial Conference | 08/14/2023 |

---

[3] Dates not identified would follow the applicable Federal Rules of Civil Procedure and Local Rules.

| Event | Proposed Dates |
|---|---|
| Trial | 09/11/2023[4] |

### III. MEDIATION BETWEEN PLAINTIFF AND COUNTY

Due to the rapidly approaching July trial date previously set, Plaintiff and the County scheduled early mediation in this case, which will take place on April 25, 2022. (The City Defendants declined to participate in this mediation.) Thus, by the time that the current case management conference is held, it is possible that the County and Plaintiff will have reached a settlement in principle (subject to the ultimate approval of the County Board of Supervisors). The mediator selected by Plaintiff and the County has previously successfully mediated similar cases between a wrongful conviction plaintiff and the County. Should this mediation be successful, the Plaintiff and County will notify the court and request that the Court take off calendar all deadlines concerning the county while the county approval process is underway so that resources are not unnecessarily expended during the County's approval process.

### IV. ADDITIONAL ISSUES - PLAINTIFF

At the previous scheduling conference, the District Judge ordered, *sua sponte*, that Plaintiff's *Monell* claims be bifurcated from his claims against the individual defendants. Plaintiff was not provided an opportunity to present any argument and respectfully requests that the Court revisit the issue after a full briefing. In short, Plaintiff requests the opportunity to brief why 1) bifurcation does not apply to the County because there is only a *Monell* claim against the County, and 2) there are a variety of circumstances in which the absence of individual officer liability does not preclude municipal liability (see, e.g., *Gibson v. County of Washoe*, 290 F.3d 1175, 1186 n.7, 1188, 1189 n.9 & n.10 (9th Cir. 2002)), such that the Monell claims should be allowed to proceed at this stage. Because

---

[4] This date assumes the Court begins trials on a Monday.

explaining why Plaintiff contends that there is potential municipal liability even if there is not individual liability would involve a complex argument, this is not the occasion to address the merits of this issue. Plaintiff merely seeks the opportunity to do so.

## V.  ADDITIONAL ISSUES - DEFENDANTS

Defendants have no additional issues they intend to raise at this time.

DATED: April 21, 2022          Respectfully submitted,

McLANE, BEDNARSKI & LITT, LLP

By: /s/ *Barrett S. Litt*
　　BARRETT S. LITT
　　DAVID S. McLANE
　　CAITLIN S. WEISBERG
　　RODRIGO PADILLA

Attorneys for Plaintiff Arturo Aceves Jimenez

DATED: April 21, 2022          CITY ATTORNEY FOR THE CITY OF LOS ANGELES

By   /s/ *Geoffrey Plowden*
GEOFFREY PLOWDEN
Deputy City Attorney
Attorneys for Defendant City of Los Angeles and Individual Defendants

DATED: April 21, 2022          GLASER, WEIL, FINK, HOWARD, AVCHEN & SHAPIRO

By   /s/ *Andrew Baum*
ANDREW BAUM
Attorneys for Defendant County of Los Angel